UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

EDWARD JAMES CROMER,

        Petitioner,                Case No. 1:19-cv-1099

v.                                        Honorable Janet T. Neff

JOHN DAVIDS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I. Factual allegations

Petitioner Edward James Cromer is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted on three counts for offenses that occurred on February 3, 1990: (1) armed robbery, in violation of Mich. Comp. Laws § 750.529; (2) second-degree murder, in violation of Mich. Comp. Laws § 750.317; and (3) felony firearm, in violation of Mich. Comp. Laws § 750.227b. On August 30, 1990, the court sentenced Petitioner to prison terms of: (1) life on the armed robbery charge; (2) life on the second-degree murder charge; and (3) two years on the felony firearm charge.

Separately, Petitioner pleaded guilty and was convicted of attempting to receive stolen property, in violation of Mich. Comp. Laws § 750.535. This offense occurred on July 14, 1986. On September 25, 1990, the court sentenced Petitioner to a term of 1 year to 2 years, 6 months, served consecutively to Petitioner's existing sentences.

On August 28, 2019, while incarcerated and serving his sentence at ICF, Petitioner received the following Class I (major) misconduct charges: substance abuse, assault and battery, and two counts of threatening behavior. On September 6, 2019, the hearing officer found Petitioner guilty on all charges and placed him on 30 days of detention, from September 7 to October 6, 2019, and a loss of privileges for 60 days, from September 6 to October 6, 2019. (Ex. Supp. Pet., ECF No. 1-2, PageID.22, 26, 31.) Petitioner challenges the convictions on these misconduct charges.

On December 26, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to

the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on December 26, 2019. (Pet., ECF No. 1, PageID.14.)

Although the petition purports to raise four grounds for relief, in fact, Petitioner repeats the same ground four times:

> I. A hearing was held. Cromer demanded Jurisdiction over the Res been [sic] shown on the record. MCL 791.252(h) supports Cromer's request. Cromer contends where the MDOC cannot show *cause*, cannot show Victim MCL 780.766(1) or Victim Impact Statement, Cromer contends he does not have to follow MDOC prison rules, policy or authority because MDOC cannot show cause. Cromer contends there suppose [sic] to exist record showing MDOC was given legal authority to execute sentence.

(Pet., ECF No. 1, PageID.6, 7, 9, 10.)

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus under § 2254 on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652,

3

655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is

4

presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Jurisdiction over Petitioner

Plaintiff alleges that the MDOC, without jurisdiction, found him guilty on charges of major misconduct. (*See* Pet., ECF No. 1, PageID.1-2.) Habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)*; Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). However, where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Michigan prisoners serving sentences for crimes committed before April 1, 1987, can earn "good time" credits, which reduce the sentences on those convictions. *See* Mich. Comp. Laws § 800.33(2). Prisoners eligible for good time credits earn the credits only during months when they have not been found guilty of major misconduct. *See id.* Petitioner was convicted of attempting to receive stolen property on July 14, 1986, and, therefore, Petitioner is eligible to earn good time credits. Because Petitioner had been found guilty of major misconduct in September 2019, he could not receive good time credits that month in order to reduce his sentence on his conviction for attempting to receive stolen property.

5

The misconduct hearing reports indicate that Petitioner elected not to attend his hearings (*see, e.g.*, Ex. Supp. Pet., ECF No. 1-2, PageID.26), but he broadly denies MDOC's authority, claiming that they lack jurisdiction over him (*see, e.g.*, *id.*, PageID.30). Petitioner's claim utterly fails. The Court is not aware of any authority, Supreme Court or otherwise, supporting Petitioner's proposition that the MDOC lacks jurisdiction. Indeed, "[s]ubject to the [state] constitutional powers" vested in other departments, the Michigan Department of Corrections has "exclusive jurisdiction over . . . penal institutions." Mich. Comp. Laws § 791.204; *see also* §§ 791.251 to 791.255 (creating a prisoner hearings division within MDOC and procedures therein).

Further, Petitioner has failed to allege any problem with the procedures that resulted in his misconduct convictions. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. *See also Ponte v. Real*, 471 U.S. 491 (1985) (applying the due process safeguards from *Wolff*, a prisoner civil rights case, to a state habeas proceeding). Although prisoners retain rights under the Due Process Clause of the Fourteenth Amendment, such "proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). At a minimum, to comply with the Fourteenth Amendment, a prison must provide a prisoner "advanced written notice of the claimed violation," an opportunity for the prisoner "to call witnesses and present documentary evidence in his defense," and a "written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* at 563-66.

Here, Petitioner alleges nothing suggesting that he was found guilty of misconduct in violation of his due process rights. Indeed, Petitioner attaches documentation showing that he received notice of the charge against him, a hearing before an administrative law judge, and a written explanation of the evidence and reasons for the finding of guilt, and a rehearing decision. (Ex. Supp. Pet., ECF No. 1-2, PageID.20-32.) Such proceedings amply demonstrate that Petitioner received the process due under *Wolff*.

Thus, Petitioner has failed to establish his misconduct convictions resulted from deficient process, much less that MDOC's process "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court . . . or based upon an unreasonable determination of the facts in light of the evidence . . . ." 28 U.S.C. § 2254(d). Accordingly, the Court will deny Petitioner's ground for habeas relief.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . .

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: February 25, 2020  /s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　　　　United States District Judge